UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**WESTLEY CHAD-GRANT SIMMONS, SR.**      **CIVIL ACTION NO. 25-0098**

**VS.**      **SECTION P**

      **JUDGE TERRY A. DOUGHTY**

**WILLIAM BENNETT, ET AL.**      **MAG. JUDGE KAYLA D. MCCLUSKY**

### REPORT AND RECOMMENDATION

Plaintiff Westley Chad-Grant Simmons, Sr., a prisoner at Caldwell Correctional Center proceeding pro se and in forma pauperis, filed this proceeding on approximately January 27, 2025, under 42 U.S.C. § 1983.[1] For the following reasons, the Court should dismiss Plaintiff's claims that Lieutenant Trenchell tazed him, that Lieutenant Mayes tazed him, and that Major Frederick tripped and tazed him.[2]

### Background

On May 27, 2025, the Court ordered Plaintiff Westley Chad-Grant Simmons, Sr., to, within thirty days, give the Clerk of Court two (2) completed summonses and one (1) completed USM-285 form for each remaining defendant for service. [doc. # 14]. Plaintiff did not comply with the Court's Order.

On July 29, 2025, the Court advised Plaintiff of its intent to dismiss the defendants for whom Plaintiff failed to return the required service documents if Plaintiff did not show good

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

[2] Should the Court adopt this Report and Recommendation, Plaintiff will have one claim remaining: his stayed claim that Lieutenant Mayes used excessive force when she choked him, dug her nails into his neck, and placed her knee and weight on his pelvis and "private area."

cause. [doc. # 17].

To date, Plaintiff has not returned any service documents or otherwise attempted to comply with the Court's Order.

## Law and Analysis

A district court may dismiss an action based on a plaintiff's failure to prosecute or comply with a court order. FED. R. CIV. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte* on this basis. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Id.*

Here, Plaintiff has failed to comply with the Court's Order, and he has not attempted to show good cause.

## Conclusion

Accordingly, **IT IS RECOMMENDED** that Plaintiff Westley Chad-Grant Simmons, Sr.'s claims that Lieutenant Trenchell tazed him, that Lieutenant Mayes tazed him, and that Major Frederick tripped and tazed him be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen**

**(14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See** *Douglass v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 25th day of September, 2025.

                                                                     _____
                                                                     Kayla Dye McClusky
                                                                     United States Magistrate Judge